**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **LAUREN HAWSE, et al.,** | ) |
| **Plaintiffs,** | ) ) ) |
| vs. | ) Case No.  4:20cv588  RLW ) ) |
| **SAM PAGE, M.D. et al.,** | ) ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Sam Page, M.D., and Emily Doucette, M.D.'s Motion to Modify Expedited Briefing and Hearing Schedule (ECF No. 10).  This matter is fully briefed and ready for disposition.

On April 28, 2020, Plaintiffs Lauren Hawse, Frank R. O'Brien, and Jean M. O'Brien (hereinafter, "Plaintiffs") filed their Complaint (ECF No. 1) and Motion for Expediated Hearing and Motion for Temporary Restraining Order (ECF No. 2) against Sam Page, M.D., County Executive for St. Louis County, Missouri, and Emily Doucette, Director of the St. Louis County Public Health Department (hereinafter, "Defendants").   The Complaint purports to present "a facial constitutional challenge to the COVID-19 pandemic 'stay at home' order of the St. Louis County Department of Public Health ('Order'), because it (a) deprives plaintiffs of their liberty without due process of law, (b) prohibits plaintiffs' free exercise of religion by banning religious services attended by more than 10 persons while permitting all manner of secular and commercial activities without similar restrictions, and (c) abridges plaintiffs' right of peaceable assembly in groups of more than 10 persons."  (ECF No. 1, ¶1).  Plaintiffs requested a hearing on April 30, 2020.  (ECF No. 3).

On April 29, 2020, this case was assigned to the Honorable Ronnie L. White. On April 30, 2020, the Court established a briefing schedule and set a hearing on Plaintiffs' Motion for Temporary Restraining Order based upon the filings before the Court at that time, as well as the Court and the parties' schedules. (ECF No. 5). The Court scheduled a telephonic hearing on Plaintiffs' Motion for Temporary Restraining Order for Thursday, May 7, 2020 at 10:30 a.m.

On April 30, 2020 at 11:20 p.m., Plaintiffs filed their Memorandum in Support of their Motion for Temporary Restraining Order. (ECF No. 6).[1] On May 1, 2020, co-counsel entered on behalf of Defendants and filed the Motion to Modify Expedited Briefing and Hearing Schedule (ECF No. 10). Defendants ask the Court to impose a staggered briefing schedule to allow the Court to consider whether Plaintiffs have standing to bring this lawsuit prior to considering the merits of this action and to move the hearing date to May 14, 2020. On that same evening, Plaintiffs filed their Opposition to Defendants' Motion to Modify Expedited Briefing and Hearing Schedule. (ECF No. 13). Plaintiffs oppose moving the date for the hearing on the Temporary Restraining Order and claim any postponement would be prejudicial. Plaintiffs propose simultaneous briefing of the standing and the merits issues and retaining the present hearing date.

"It is well established that standing is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007) (citing *McCarney v. Ford Motor Co.,* 657 F.2d 230, 233 (8th Cir.1981)). The Eighth Circuit has held that "standing is a 'threshold inquiry' that 'eschew evaluation on the merits.'" *McCarney*, 657 F.2d at 233 (quoting *Coal. for Env't v. Volpe*, 504 F.2d 156, 168 (8th Cir. 1974); *Miller v. Redwood Toxicology Lab., Inc*., 688 F.3d 928, 933 (8th Cir. 2012) (citing *Steel Co. v.*

---

[1] Plaintiffs had not informed the Court that they intended to file a Memorandum in Support of their Motion for Temporary Restraining Order when the parties were discussing the briefing schedule.

*Citizens for a Better Env't,* 523 U.S. 83, 94–96, 101(1998)("Whether there is Article III standing is always an antecedent question."). In keeping with this legal precedent, the Court orders the parties to brief the threshold issue of standing on an expedited basis. If the Court determines that Plaintiffs have standing, then the parties will address the merits of Plaintiffs' Motion for Temporary Restraining Order. The Court further holds that the additional briefing time will minimally prejudice Plaintiffs, particularly because only one weekend of services will be affected. In contrast, the Court finds that the benefit of additional time for the parties to address the standing issue and for the Court to consider the legal argument related to standing outweigh any prejudice to Plaintiffs.

Accordingly,

**IT IS HEREBY ORDERED** that Sam Page, M.D. and Emily Doucette, M.D.'s Motion to Modify Expedited Briefing and Hearing Schedule (ECF No. 10) is **GRANTED**, in part, and the following schedule shall apply:

(a) Defendants' Motion to Dismiss regarding the issue of standing to be filed by 12:00 p.m. on Monday, May 4, 2020;

(b) Plaintiffs' Opposition to Defendants' Motion to Dismiss regarding the issue of standing to be filed by 12:00 p.m. on Wednesday, May 6, 2020;

(c) Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order to be filed, if necessary, by 5:00 p.m. Monday, May 11, 2020;

(d) The parties' Proposed Orders regarding Plaintiffs' Motion for Temporary Restraining Order to be filed, if necessary, by 5:00 p.m. Tuesday, May 12, 2020;

4

(e) Plaintiffs' Reply in support of their Motion for Temporary Restraining Order to Defendants' Motion to Dismiss regarding the issue of standing to be filed no later than 9:00 a.m. Wednesday, May 12, 2020; and

(f) A hearing on Plaintiffs' Motion for TRO, if necessary, to be held on Thursday, May 14, 2020 at 10:30 a.m.

Dated this 3rd day of May, 2020.

/s/ Ronnie L. White
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**