# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

_____

No:  20-1920

_____

In re: Lauren Hawse; Frank R. O'Brien, Jr.; Jean M. O'Brien; Stephen J. Pieper, M.D.

Petitioners

_____

Appeal from U.S. District Court for the Eastern District of Missouri - St. Louis
(4:20-cv-00588-RLW)

_____

## JUDGMENT


Before COLLOTON, KELLY, and STRAS, Circuit Judges.

The petitioners in this matter ask this court to issue a writ of mandamus directing the district court to enter a preliminary injunction before the district court has ruled on their pending motion for a temporary restraining order.  Mandamus is a "drastic and extraordinary" remedy "reserved for really extraordinary cases." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (internal quotation marks omitted).  This court concludes that the district court's scheduling order for briefs and hearing on the pending motion was not a clear abuse of discretion, that the petitioners do not have a clear and indisputable right to relief from this court before the district court rules on their motion, and that issuance of a writ would not be appropriate under the circumstances.  *See id.* at 380-81 (describing standards for mandamus relief).  An order requiring an expedited response to the petition in this court is not warranted:  it would effectively override the district court's briefing schedule and result in parallel and duplicative litigation of the same motion.  *See* Fed. R. App. P. 21(b)(1).  The district court already explained its reasons for the schedule.  R. Doc. 14.  This court expects that the district court will adhere to the timeline stated in its order of May 3, 2020, and resolve the motion promptly after the necessary briefs are filed and any hearing is completed.  The petition for writ of mandamus is denied.  The motion to expedite is denied as moot.

STRAS, Circuit Judge, dissenting.

From the briefing we have, it appears that St. Louis County has singled out religious services for special treatment in its fight against COVID-19: no one can

hold them unless there are nine or fewer people in the room, even though other essential activities and businesses can operate free of this restriction. Dep't of Pub. Health, St. Louis Cty., Mo., Am. Stay at Home Order, ¶¶ III.E.7, F.27, S.1, IV.A.1, B.1 (effective Mar. 28, 2020), *extended*, St. Louis Cty., Mo., Exec. Order No. 17 (Apr. 22, 2020); Dep't of Pub. Health, St. Louis Cty., Mo., *Novel Coronavirus (COVID-19): Stay at Home Order Frequently Asked Questions* 6 (Mar. 21, 2020). The petitioners, who want to gather and pray in their places of worship, have asked the district court for a temporary restraining order and a preliminary injunction.

They now seek mandamus from us. In contrast to what has been a fast-moving fight against the virus, the district court has shown a conspicuous lack of urgency, they say, first by scheduling an "[e]xpedited" hearing more than one week out, and then by pushing it out yet another week after St. Louis County requested an extension. Perhaps the court had good reason for these decisions. But given the constitutional right at stake, the showing that has been made so far, and the continuing risk of harm, I would request a response to the petition for a writ of mandamus. *See Maryville Baptist Church, Inc. v. Beshear*, No. 20-5427, 2020 WL 2111316, at *1 (6th Cir. May 2, 2020) (per curiam) ("[O]ne explanation for the [plaintiffs'] stay motion is tomorrow's Sunday service. . . . [N]o one can fairly doubt that time is of the essence."); *see also Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 546 (1993) (subjecting laws that discriminate against religion to "the most rigorous of scrutiny"). Only then would I feel comfortable deciding whether the court has clearly abused its discretion. *See In re Rutledge*, No. 20-1791, 2020 WL 1933122, at *4, *8 (8th Cir. Apr. 22, 2020).

Mandate shall issue forthwith.

May 08, 2020

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.

_____
          /s/ Michael E. Gans