IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAUREN HAWSE, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 4:20cv588 RLW ) ) |
| SAM PAGE, M.D. et al., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Sam Page, M.D., and Emily Doucette, M.D.'s Motion to Motion to Dismiss for Lack of Standing (ECF No. 15). This matter is fully briefed and ready for disposition.

**BACKGROUND**

On April 28, 2020, Plaintiffs Lauren Hawse, Frank R. O'Brien, Jean M. O'Brien, and Stephen J. Pieper, M.D. (hereinafter, "Plaintiffs") filed their Complaint (ECF No. 1) and Motion for Expedited Hearing and Motion for Temporary Restraining Order (ECF No. 2) against Sam Page, M.D., in his capacity as County Executive for St. Louis County, Missouri, and Emily Doucette, M.D., in her capacity as Director of the St. Louis County Public Health Department (hereinafter, "Defendants"). The Complaint purports to present "a facial constitutional challenge to the COVID-19 pandemic 'stay at home' order of the St. Louis County Department of Public Health ('Order'), because it (a) deprives plaintiffs of their liberty without due process of law, (b) prohibits plaintiffs' free exercise of religion by banning religious services attended by more than 10 persons while permitting all manner of secular and commercial activities without similar restrictions, and (c) abridges plaintiffs' right of peaceable assembly in groups of more than 10 persons." (ECF No. 1, ¶ 1).

In the Complaint, Plaintiffs allege the same general background facts for each individual Plaintiff:

> Plaintiffs ... are residents of St. Louis County, Missouri. They are Christians. Attending and participating in worship and fellowship in their church community, especially on Sundays, is an essential requirement of their sincerely held religious belief. As a result of restrictions imposed by the defendants as set forth below, they have been unable to attend Sunday services and other religious activities in which they usually participate[,] and they have been impeded in their exercise of rights to freely associate and assemble and to freedom of expression. The church building in which they regularly worship has a seating capacity of [several hundred], and there is ample space ... to exercise proper social distancing. Their church is also equipped with hand sanitizers and other materials to enable visitors to observe appropriate hygienic precautions related to the COVID-19 situation.

(Complaint, ECF No. 1, Parties, ¶¶ 1-3).

Plaintiffs assert five claims for relief: (1) under 42 U.S.C. § 1983, violations of the Free Exercise, Free Expression, and Assembly Clauses of the First and Fourteenth Amendments to the U.S. Constitution (Complaint, ¶¶ 22-33); (2) under 42 U.S.C. § 1983, violations of the Freedom of Expression and Association Clauses of the First and Fourteenth Amendments to the U.S. Constitution (*id.*, ¶¶ 34-40); (3) denial of their liberty without due process in violation of the Fourteenth Amendment to the U.S. Constitution (*id.*, ¶¶ 41-46); (4) violations of Religious Freedom, Free Expression, and the Right to Peaceable Assembly under Article I, Sections 5, 7, 8, and 9 of the Missouri Constitution (*id.*, ¶¶ 47-55); and (5) a violation of the Missouri Religious Freedom Restoration Act (*id.*, ¶¶ 56-61). On May 4, 2020, Defendants filed a Motion to Dismiss for Lack of Standing. (ECF No. 15).

## STANDARD OF REVIEW

Standing to sue is a jurisdictional issue. *A.J. ex rel. Dixon v. UNUM*, 696 F.3d 788, 789 (8th Cir. 2012) (citing *Wilson v. Sw. Bell Tel. Co.*, 55 F.3d 399, 403 n. 3 (8th Cir.1995)). The Court reviews a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1);

2

*Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency,* 615 F.3d 985, 988 (8th Cir. 2010). In a facial attack such as this, "the court merely [needs] to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Branson Label, Inc. v. City of Branson, Mo.,* 793 F.3d 910, 914 (8th Cir. 2015) (citing *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980)). In ruling on a Rule 12(b)(1) motion, the district court need not accept "bare allegations" in a plaintiff's pleadings. *Disability Support All. v. Heartwood Enterprises, LLC,* 885 F.3d 543, 547 (8th Cir. 2018) (citing *McClain v. Am. Econ. Ins. Co.,* 424 F.3d 728, 734 (8th Cir. 2005)). When considering a motion regarding the sufficiency of the pleadings, "the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Faibisch v. Univ. of Minn.,* 304 F.3d 797, 802 (8th Cir. 2002); *Williams v. True Mfg.,* No. 4:14CV1609 HEA, 2015 WL 4546618, at *2 (E.D. Mo. July 28, 2015).

**DISCUSSION**

**1. Article III Standing**

"It is well established that standing is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *City of Clarkson Valley v. Mineta,* 495 F.3d 567, 569 (8th Cir. 2007) (citing *McCarney v. Ford Motor Co.,* 657 F.2d 230, 233 (8th Cir. 1981)). The Eighth Circuit has held that "standing is a 'threshold inquiry' that 'eschews evaluation on the merits.'" *McCarney,* 657 F.2d at 233 (quoting *Coal. for Env't v. Volpe,* 504 F.2d 156, 168 (8th Cir. 1974)); *Miller v. Redwood Toxicology Lab., Inc.,* 688 F.3d 928, 933 (8th Cir. 2012) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–96, 101 (1998) ("Whether there is Article III standing is always an antecedent question.")).

3

"The standing doctrine serves to limit federal jurisdiction to cases and controversies as required by Article III of the United States Constitution." *Shain v. Veneman*, 376 F.3d 815, 817–18 (8th Cir. 2004) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559–61 (1992)). A party invoking federal jurisdiction has the burden of establishing standing. *Schanou v. Lancaster County Sch. Dist.,* 62 F.3d 1040, 1045 (8th Cir. 1995). To satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). At the pleadings stage, plaintiffs "must 'clearly allege facts' demonstrating" the elements of standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (alteration omitted) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). The Court accepts the material factual allegations in the complaint as true and drawing all inferences in plaintiffs' favor. *In re SuperValu, Inc.,* 870 F.3d 763, 768 (8th Cir. 2017).

2. **Factual Allegations Regarding Injury, Traceabilty, and Redressability**

As previously discussed, to establish standing, a plaintiff must allege and eventually prove he has suffered an injury-in-fact traceable to the defendant's challenged action and redressable by the court's favorable decision. *Lujan,* 504 U.S. at 560–61. "An injury is fairly traceable if the plaintiff shows 'a causal connection between the injury and the conduct complained of' that is 'not ... th[e] result [of] the independent action of some third party not before the court.'" *In re SuperValu, Inc.*, 870 F.3d at 768 (quoting *Lujan*, 504 U.S. at 560).

4

Here, Plaintiffs state that they are bringing a "facial challenge" to the constitutionality of the Order. (Complaint, ¶ 1). Plaintiffs allege that they are Christians and that Sunday church services are important to their worship. (Complaint, Parties, ¶¶ 1-3). Plaintiffs allege that their churches are large enough to allow social distancing and have hand sanitizer and other hygiene products to allow for safe gatherings. (*Id.*). Plaintiffs, however, do not identify their religious denominations, organizations, or specific places of worship in the Complaint. Plaintiffs do not allege when their respective churches closed or what caused them to close. Plaintiffs do not allege that their large church gatherings were suspended because they were unlawful under the Order, rather than in response to the general COVID-19 public health crisis. Notably, Plaintiffs' affidavits in support of the Complaint are devoid of any facts concerning these issues whatsoever. Rather, they merely state that Plaintiffs are aware of the allegations in the Complaint and believe them to be true. (ECF No. 1-1). Thus, based upon the Complaint, the Court is unable to discern the specific impetus for closure of Plaintiffs' churches and, likewise, what would enable their churches to reopen.

In addition, the Court notes that the Order does not mandate the closure of religious places of worship. Plaintiffs inarticulately allege that they have been unable to attend "other religious activities." (Complaint, ¶¶ 1-3). More properly, the Order limits the number of people in physical attendance to events, including religious activities, to less than ten. Thus, the Order does not impose a categorical bar on Plaintiffs' worship at church.

In Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss for Lack of Standing ("Opposition"; ECF No. 18), Plaintiffs argue that they are not required to state facts to support—and the Court cannot inquire regarding—Plaintiffs' allegedly sincerely held religious beliefs. (ECF No. 18 at 3) ("[I]t is well established that prying into the 'details' of a plaintiff's

5

religious belief and practice is generally out of bounds in Free Exercise adjudication"). Further, Plaintiffs maintain that the particulars of their religious beliefs are irrelevant to this action because the Order precludes them from engaging in any religious activity with 10 or more people. *See* ECF No. 18 at 4 ("Regardless of 'religious denomination or organization,' if the Court enjoins defendants' prohibition against religious gatherings of 10-or-more people, then plaintiffs would have the redress they seek: they will be able to gather with others to worship, pray, sing, console, witness, mourn, celebrate, teach, chant, read, proclaim, etc., on the same footing as every other 'Essential' activity, while complying with all the same social distancing and other County prescribed safety precautions."). Thus, Plaintiffs contend their claims are redressable through this Court action because they are precluded from engaging in *any* religious activity where more than 10 people are gathered.

Plaintiffs' Opposition misses the mark regarding the Court's standing inquiry. The Court does not question whether Plaintiffs have a sincerely held religious belief. Rather, the Court questions the proximate cause of the churches' closings and whether it has the ability to remedy Plaintiffs' alleged injury. Plaintiffs' Complaint does not provide sufficient factual allegations related to their religious practices, beliefs, or situations for the Court to discern the cause of Plaintiffs' churches closing. Likewise, Plaintiffs have not alleged that their churches would be holding gatherings in excess of 10 people but for the Order. *See* Complaint, *passim*. Plaintiffs have not alleged that the Order was the cause of their injury nor that their injury would be remedied if the Order were deemed unconstitutional by this Court. Thus, the Court holds it is "totally speculative whether the only relief requested in the [C]omplaint"—an injunction preventing the defendants from enforcing the Order—would have any effect on the practices of Plaintiffs' churches. *Duit Const. Co. Inc. v. Bennett*, 796 F.3d 938, 941 (8th Cir. 2015). Indeed,

at least some churches will remain closed even after the Order is lifted. For example, St. Louis County will allow certain establishments, including churches, to reopen beginning May 18, 2020. *See* http://stlcorona.com/sites/default/assets/pdfs/dph-orders/st-louis-county-dph-orders-business-individual-guidelines-05082020-0.pdf (last visited May 10, 2020). With respect to Catholic churches, the Archdioceses of St. Louis has indicated that it will allow some churches to reopen on May 18, 2020, but the decision to reopen each parish will be left up to each individual pastor. *See* https://www.archstl.org/coronavirus-covid-19-mandates-and-directives (last visited 5/10/20).[1] The Court cannot determine based upon the allegations in the Complaint that the Order is responsible for the closure of the churches or that the churches would reopen if the injunction were granted. The Court therefore will grant Defendants' Motion to Dismiss for Lack of Standing without prejudice.[2]

### 3. Amendment of Pleadings

Apparently anticipating the inadequacy of their allegations in their Complaint, Plaintiffs attempt to reframe the basis of their claim in their Opposition. Plaintiffs' Complaint is focused on their ability to attend "Sunday services" and other religious functions at their churches. Plaintiffs' Complaint highlights the large capacities of their churches' space and their ability to maintain social distancing within the confines of church buildings. *See* Complaint, Parties ¶¶ 1-3. In their Complaint, Plaintiffs assert the Order infringes on their freedom of religion because they are unable to participate in Sunday services in a church building. *See* Complaint, Parties, ¶¶

---

[1] *See also* https://www.stltoday.com/news/local/metro/archdiocese-of-st-louis-permits-public-masses-to-resume-may-18/article_bf06df7f-d412-59cf-b34b-87facf869230.html#utm_source=stltoday.com&utm_campaign=%2Fnewsletter-templates%2Fbreaking&utm_medium=PostUp&utm_content=9741acb842ba4174762e05ec7a4a89cd26c63409 (last visited on May 8, 2020).

[2] The Court expresses no opinion on the merits of the Plaintiffs' claims. *Wieland*, 793 F.3d at 957; *Red River Freethinkers v. City of Fargo*, 679 F.3d 1015, 1023 (8th Cir.2012) ("The standing inquiry is not ... an assessment of the merits of a plaintiff's claim.").

1-3 ("Attending and participating in worship and fellowship in [their] church community, especially on Sundays, is an essential requirement of [their] sincerely held religious belief."); *see also id.* (noting the capacities of the Plaintiffs' respective churches).

Plaintiffs' argument shifts, however, in their Opposition. Plaintiffs assert their alleged injury is "redressable by an injunction because the Order does not apply to buildings of any kind, but to plaintiffs as individuals." (ECF No. 18 at 2). "In other words, imposing an injunction would allow plaintiffs to gather in groups of ten or more irrespective of the location–whether in a park, a conference room, a private home, or elsewhere." (ECF No. 18 at 2). In their Opposition, Plaintiffs improperly attempt to amend the Complaint and add additional claims regarding their religious practices outside of the church. *See* ECF No. 18 at 3 (arguing that the Order unconstitutionally restrict Plaintiffs' "ability to gather at other locations for Bible studies, prayer meetings, doctrine classes, religious discussions, witness groups, weddings, funerals, baptisms, ordinations, dedications, wakes, support groups, fellowship, etc.").

The Court does not consider Plaintiffs' new allegations but instead is bound by the allegations in the Complaint. *See Scott v. Wells Fargo Bank, N.A.*, No. CIV. 10-3368 MJD/SER, 2011 WL 3837077, at *10 (D. Minn. Aug. 29, 2011) ("In essence, by raising these representations in his opposition brief, Plaintiff is attempting to amend his Amended Complaint to include new allegations of fraud. Such action is impermissible."); *Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, ... simply by raising a point in a brief.") (internal citations omitted); *see also Spectra Merck Int'l, Inc. v. Euler ACI Collection Servs., Inc.*, No. 03 C 899, 2004 WL 1393600, at *6 n. 4, (N.D. Ill. June 18,

8

2004) ("Just as a plaintiff cannot amend his complaint through arguments in his brief in opposition to a motion for summary judgment, the plaintiff cannot use a brief to present new allegations or particulars of fraud not contained in the complaint") (citations omitted). As such, the Court limits the sufficiency of the allegations to those in the Complaint and holds that Plaintiffs have not established injury, traceability or redressability for standing to bring this cause of action. The Court dismisses this cause of action without prejudice for lack of standing.

### 4. Claim III for Due Process

Plaintiffs' Third Claim for Relief purports to state a cause of action for denial of Plaintiffs' liberty interests without due process in violation of the Fourteenth Amendment to the United States Constitution. (Complaint, ¶¶ 41-46). Plaintiffs allege:

> Plaintiffs here challenge the constitutionality of the very concept of a "stay at home" order. The Order effectively places plaintiffs under house arrest unless they are engaged in activity the government deems "essential" or which are "otherwise authorized." *See* Order, Part II ("The intent of this order is to ensure that the maximum number of people remain in their places of residence to the maximum extent feasible... When people leave their place of residence... to obtain or perform essential services, or to facilitate otherwise authorized activities...")

(Complaint, ¶ 42). Plaintiffs further allege that the rationale behind the Order is no longer valid and continuing to maintain the Order deprives Plaintiffs of their liberty interests without due process of law. (Complaint, ¶¶ 43-46).

Unlike the rest of their Complaint, Plaintiffs' allegations in Count III are not religious-based, but are rooted in constitutional due process grounds. The Defendants' Motion to Dismiss does not mention due process or address how the standing argument applies to this claim. The Court denies Defendants' Motion to Dismiss with respect to Claim III.

The Court orders the parties to address Plaintiffs' due process argument alleged in Claim III, particularly in light of the District Court's decision in *SH3 Health Consulting, LLC v. Page*, 4:20cv 605 SRC (May 8, 2020).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Sam Page, M.D., and Emily Doucette, M.D.'s Motion to Dismiss for Lack of Standing (ECF No. 15) is **GRANTED**, in part. The Court **DISMISSES** Claims I, II, IV, and V, without prejudice.

**IT IS FURTHER ORDERED** that Defendants' opposition to Plaintiffs' Motion for Temporary Restraining Order as to Claim III shall be filed no later than **Tuesday, May 12, 2020 at 9:00 a.m.** Plaintiffs shall file any reply in support of their Motion for Temporary Restraining Order as to Claim III no later than **Wednesday, May 13, 2020 at 9:00 a.m.** The parties shall file any proposed orders, including findings of fact and conclusions of law, no later than **Wednesday, May 13, 2020 at 12:00 p.m.**

**IT IS FINALLY ORDERED** that a hearing on Plaintiffs' Motion for Temporary Restraining Order as to Claim III shall be held on **Thursday, May 14, 2020 at 10:30 a.m.** via telephone

Dated this 11th day of May, 2020.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**